## KING v. HOWELL.

1. Judgment: FOR PART OF CLAIM NOT CONTROVERTED. A party is not entitled, on motion before trial, to judgment for part of his claim, under section 3135 of the Revision (which provides that judgment may at any time be rendered for a part of a claim not controverted by the pleadings), unless such part is clearly not controverted.

2. —— Nor would he be entitled to such judgment if his claim was not mature.

*Appeal from Polk County District Court.*

MONDAY, OCTOBER 11.

SUIT in equity to enjoin defendant from negotiating a promissory note for eleven hundred dollars, dated September 17th, 1867, and payable on or before the first day of September then next, executed by the plaintiff as principal, and one S. A. Russell as surety, to the defendant or order. The petition alleges that the note was given as the purchase-price of the defendant's interest in a business or agency theretofore conducted by plaintiff and defendant in partnership; that defendant obtained the note for that amount by his false and fraudulent representations as to the indebtedness of the firm, which in-

debtedness was peculiarly within defendant's knowledge, and was unknown to plaintiff; that, upon a true statement of the indebtedness, the note should and would have been given for $648.44, instead of $1,100; that as to the difference, to wit, $451.56, the said note was obtained by fraud and false representations.

An injunction was obtained upon the filing of the petition, which was on the 26th day of September, 1867. At the February term, 1868, to wit, February 12th, the defendant filed his motion to dissolve the injunction, which motion was overruled. On the 13th day of February (the next day), the cause was continued, with leave to defendant to file answer in thirty days. On the 4th day of March, 1868, it being still of the February term, the defendant filed his answer and cross petition; in which, for answer, he denied the allegations of plaintiff's petition, etc., and for cross petition set up his claim to recover of plaintiff and his surety the full amount of the note. On the same day the plaintiff filed his reply in denial of the cross petition. Also, on the same day, defendant filed his motion for judgment against the plaintiff for the amount admitted to be due on the note. This motion was resisted by the plaintiff, but the court sustained the same, and rendered judgment against the plaintiff for $648.44, to which the plaintiff excepted, and now appeals.

*George J. North* for the appellant.

*C. C. Nourse* for the appellee.

Cole, J. — The only question presented for our determination in this case is as to the right of the defendant to a judgment upon his cross petition, for the amount admitted by plaintiff in his original petition to be due

defendant upon plaintiff's contract of purchase from him of their partnership property and business. It is provided by our Revision, section 3135, "If only part of the claim is controverted by the pleading, judgment may, at any time, be rendered for the part not controverted."

But the judgment in this case must be reversed for, at least, two reasons: *first*, the plaintiff filed a reply or answer to the cross petition, denying each and every allegation therein contained. Hence, the whole of the claim made by the cross petition was controverted; and, *second*, the note set up in the cross petition as the basis of the defendant's claim was not due, by its terms, until the first day of September, 1868, or about six months after the time judgment was rendered thereon. In any event, the holder of the note would not be entitled to judgment on it until it became due.

Reversed.